UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DASON BOIES MELIUS, Bk. No. 2310707,<br><br>Plaintiff,<br><br>v.<br><br>J. YEGA, City of Antioch Police Officer, et al.,<br><br>Defendant(s). | Case No. 25-cv-06956-CRB  (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, a pretrial detainee at Contra Costa County's West County Detention Facility (WCDF), has filed a pro se First Amended Complaint (FAC) under 42 U.S.C. § 1983 alleging violations of his federal rights in connection with his arrest and the conditions of his confinement at Contra Costa County's Martinez Detention Facility (MDF) and Contra Costa County's West County Detention Facility (WCDF).  He also claims violations of related state law.

**DISCUSSION**

A.      Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.      Legal Claims

Plaintiff alleges that on September 22, 2023, he was arrested by several City of Antioch Police Department officers who used excessive force against him.  He specifically alleges that officers J. Yega and Joseph Chandler "lift and throw [plaintiff] to the ground face down, with handcuffs." FAC (ECF No. 12) at 5.  Then officers Chandler and B. Lassas "bounced on plaintiff's legs while they were bent backwards," and officers Lassas and Aguilar "appl[ied] pressure or force to plaintiff's back, pushing air out, stopping his ability to breathe." Id.

Plaintiff further alleges a series of purported violations in connection with the conditions of his subsequent confinement at MDF and WCDF in 2024.  Among other things, he alleges that various correctional staff at MDF and WCDF were deliberately indifferent to his health and safety needs and interfered with his right of access to the courts.  See id. at 6-8.

"A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a).  Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." Id. (citing 28 U.S.C. § 1915(g)).

Parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).  "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." George, 507 F.3d at 607.

United States District Court
Northern District of California

Here, plaintiff asserts separate claims for relief involving different defendants and different transactions or occurrences at different times and locations.  He first asserts a claim of excessive force during arrest against the City of Antioch police officers who arrested him on September 22, 2023.  And then he asserts a series of claims in connection with the conditions of his subsequent confinement at MDF and WCDF in 2024 against several named and unnamed MDF and WCDF correctional staff.  Plaintiff's excessive force during arrest claim against the City of Antioch police officer defendants does not belong in the same action as his conditions of confinement claims against the MDF and WCDF correctional staff defendants.  See id.

Plaintiff will be allowed to proceed with his excessive force during arrest claim against the named City of Antioch police officer defendants in this action, but his conditions of confinement claims against the MDF and WCDF named and unnamed correctional staff defendants will be dismissed without prejudice to bringing in a separate action or actions.

Use of excessive force by a law enforcement officer in effectuating an arrest may state a valid Fourth Amendment claim under § 1983.  See Rutherford v. City of Berkeley, 780 F.2d 1444, 1447 (9th Cir. 1986), overruled on other grounds by Graham v. Connor, 490 U.S. 386 (1989). Liberally construed, plaintiff's allegations that City of Antioch police officers Yega, Chandler, Lassas and Aguilar threw him to the ground while handcuffed, bounced on his legs while bent backwards and/or applied pressure or force in a manner that stopped him from breathing appear to state an arguably cognizable § 1983 claim for violation of the Fourth Amendment (and related state law) and will be ordered served.  See Byrd v. Phoenix Police Dep't, 885 F.3d 639, 641-42 (9th Cir. 2018) (pro se allegations that police officers "beat the crap out of" plaintiff and caused him severe injury enough to support legally cognizable 4th Amendment claim under § 1983).

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The clerk shall issue summons, and the United States Marshal shall serve, without prepayment of fees, (1) a copy of the operative FAC in this matter and all attachments thereto (ECF No. 12), and (2) a copy of this order on the following defendants at the City of Antioch Police Department: (a) Officer J. Yega, (2) Officer Joseph Chandler, (3) Officer B. Lassas, and (4)

United States District Court
Northern District of California

Officer Aguilar. All other defendants are dismissed without prejudice as set forth above.

The clerk shall serve a copy of this order on plaintiff.

2. In order to expedite the resolution of this case, the court orders as follows:

a. No later than 90 days from the date of this order, defendants shall serve and file a motion for summary judgment or other dispositive motion. A motion for summary judgment must be supported by adequate factual documentation and must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a Rand notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. Woods v. Carey, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies (where such a motion, rather than a motion for summary judgment for failure to exhaust, is appropriate) must be accompanied by a similar notice. Stratton v. Buck, 697 F.3d 1004, 1008 (9th Cir. 2012); Woods, 684 F.3d at 935 (notice requirement set out in Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

b. Plaintiff must serve and file an opposition or statement of non-opposition to the dispositive motion not more than 28 days after the motion is served and filed.

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is

United States District Court
Northern District of California

4

entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in [current Rule 56(c)], that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).  You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court.  Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents – documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein.  In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case.  Stratton, 697 F.3d at 1008-09.

(The Rand and Wyatt/Stratton notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment.  Woods, 684 F.3d at 935.)

d.    Defendants must serve and file a reply to an opposition not more than 14 days after the opposition is served and filed.

United States District Court
Northern District of California

e.    The motion shall be deemed submitted as of the date the reply is due.  No hearing will be held on the motion unless the court so orders at a later date.

3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

4.    All communications by plaintiff with the court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5.    It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

Dated: May 5, 2026

_____

CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California